UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CINDY CORCORAN,<br><br>              Plaintiff,<br><br>v.<br><br>G&E REAL ESTATE MANAGEMENT SERVICES, INC.<br><br>              Defendant. | Case No. 3:20-CV-00018-CSH<br><br>MAY 26, 2020 |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Defendant, G&E Real Estate Management Services, Inc. ("G&E"), respectfully submits this memorandum of law in further support of its Motion to Dismiss the Second Amended Complaint and in response to Plaintiff's Opposition to the Motion to Dismiss.

## Table of Contents

I.   Failure to State a Claim for Negligent Misrepresentation ........................................... 2

II.  Failure to State a Claim for Negligent Infliction of Emotional Distress ...................... 2

III. Failure to State a Claim for Breach of the Covenant of Good Faith & Fair Dealing or Wrongful Termination ................................................................................................. 5

I. <u>Failure to State a Claim for Negligent Misrepresentation</u>

Defendant moved to dismiss Count One on the ground that Plaintiff did not allege how she supposedly relied on the alleged misrepresentation and, as a matter of law, Plaintiff could not have taken any action in reliance on the alleged misrepresentation. (Doc. 44-1, pp. 4-6.) In support thereof, Defendant cited a number of cases which held that, allegations that do not explain how a plaintiff relied on an alleged misrepresentation, are insufficient as a matter of law. Plaintiff's opposition does not distinguish that case law or even attempt to explain how Plaintiff relied on the alleged misrepresentation. In addition, Defendant cited a number of cases which held that reliance on a supposed promise of continued employment is not justifiable where the employment was terminable at will. Again, the opposition does not distinguish those cases or cite any cases which support Plaintiff's claim for negligent misrepresentation. As Plaintiff has failed to adequately plead the third prong of a claim for negligent misrepresentation, Count One should be dismissed.

II. <u>Failure to State a Claim for Negligent Infliction of Emotional Distress</u>

Defendant moved to dismiss Count Two on the ground that the allegations relating to Defendant's termination of Plaintiff, which Plaintiff asserts caused her emotional distress, fall far short of the conduct needed to state a claim for negligent infliction of emotional distress. (Doc. 44-1, pp. 6-8.) Plaintiff concedes that, in the employment context, a claim for negligent infliction of emotional distress must relate to conduct during the termination process. However, Plaintiff argues that the "termination process" is not limited to the actual act of terminating. (Doc. 45, pp. 9.) Rather, she asserts that she can base her claim on Defendant allegedly "placing Corcoran on the PIP, subjecting her to the new background check despite prior knowledge of her criminal history, advising her that the background check would not impact her employment, and then

terminating her as a result of that background check." (Doc. 45, pp. 9-10). This assertion, however, is simply unsupported by law.

The cases cited by Plaintiff to support the Court's review of a broader scope of conduct are not controlling or instructive. For instance, the only appellate case that Plaintiff relies on, *Davis v. Manchester Health Center, Inc.*, 88 Conn.App. 60, 72-73 (2005), is decided in the context of a *constructive discharge* and the alleged misconduct is far more egregious than anything alleged by Plaintiff in the instant matter – the employer was alleged to have threatened the health of safety of the employee (and her unborn child). In addition, in the years since *Davis,* its ruling has been called into question by an Appellate Court decision which held that a claim for negligent infliction of emotional distress cannot lie in a case of constructive discharge. *Grasso v. Conn. Hospice, Inc.*, 138 Conn. App. 759, 773 (2012). In addition, in *Davis*, the "termination process" occurred over just two days and the events upon which the plaintiff based her claim occurred a day prior to her resignation. Thus, the termination process at issue there was extremely limited. Here, Plaintiff frames the termination process as occurring over the course of more than a month, from June 6, 2018 when the performance improvement plan ("PIP") was issued (Doc. 43, ¶¶40, 44) to July 10, 2018 when she was actually terminated (Doc. 43, ¶59). This conduct, occurring as part of the ongoing employment relationship, cannot form the basis of a claim for negligent infliction of emotional distress and *Davis* does not require a different result.

Plaintiff's reliance on *Taylor v. Webster Bank, N.A.*, 2012 Conn. Super. LEXIS 1801 (Conn. Super.) (Jul. 20, 2012, *Danaher, J.*), is also misplaced. While there is discussion of conduct occurring during the employment relationship, the plaintiff also based her claim on conduct that occurred during the termination itself. Specifically, the plaintiff alleged that the "termination notice prepared by the defendant imputes criminal conduct to the plaintiff, even though the

3

defendant knew that the plaintiff had not engaged in criminal conduct." *Id.* at *7. Unlike Taylor, Corcoran does not base her claim on any conduct occurring during the termination itself.

Finally, Plaintiff relies on the Connecticut Superior Court's decision in *Dichello v. Marlin Firearms Co.*, 2009 Conn. Super. LEXIS 1984, *9 (Conn. Super.) (Jul. 9, 2009, *Robinson, J.*), wherein it declined to strike the claim for negligent infliction of emotional distress. However, the claim failed on a subsequent motion for summary judgment. "There is no claim that the termination letter, itself, or the manner in which it was sent or delivered was either unusual or unreasonable. Therefore, there is no dispute that there is no evidence of unreasonable conduct during the termination process." *Id.* at *11.

> Termination means the ending, not the conduct which causes the ending. When one analyzes the policy reasons underlying *Perodeau*, one sees that conduct taking place within the employment relationship, even if wrongful and providing the basis for the claim of unlawful discharge, cannot provide the factual predicate for the emotional distress claim. If the actual termination is conducted wrongfully, then the action may lie. If the termination could be said to permeate the entire course of employment, then the reasoning of *Perodeau* would be hollow indeed.

*Id.* at *8, *citing Michaud v. Farmington Community Ins. Agency*, 2002 Conn. Super. LEXIS 3254 (Conn. Super.) (Sep. 25, 2002, *Beach, J.*). Based on the wealth of cases cited in Defendant's underlying brief, Plaintiff's claim for negligent infliction of emotional distress must fail because the conduct alleged did not occur during the termination process.

Even if a broader range of conduct could be seen as part of the termination process, Plaintiff's claim here would still fail. Plaintiff argues that the conduct of placing Plaintiff on a PIP, subjecting her to the new background check, and terminating her as a result of the background check, was "all part of the totality of the termination process." (Doc. 45, pp. 9-10.) In sum, Plaintiff takes issue with the reason she was terminated. However, case law is clear that

4

termination for illegitimate reasons is not, by itself, sufficient to sustain a claim for negligent infliction of emotional distress. In support thereof, Defendant cited several cases which disposed of claims for negligent infliction of emotional distress because wrongfully motivated terminations were insufficient as a matter of law. Plaintiff's opposition does not distinguish those cases or cite any cases which support Plaintiff's position that a wrongly motivated PIP or termination is sufficient to state a claim. Therefore, Plaintiff fails to state a claim for negligent infliction of emotional distress and Count Two should be dismissed.

III.   Failure to State a Claim for Breach of the Covenant of Good Faith & Fair Dealing or Wrongful Termination

Defendant moved to dismiss Counts Three and Four on the ground that Plaintiff's termination did not violate an important public policy. (Doc. 44-1, pp. 9-14.) More specifically, Defendant cited numerous cases that stand for the proposition that, where a particular statute provides a cause of action, a plaintiff cannot ignore the requirements of the statute and instead rely on the public policy behind the statute. In response, Plaintiff does not attempt to distinguish any of those cases. Instead, Plaintiff's only argument in opposition is that "[t]here is no obligation to plead an express violation of the elements of a statutory provision." (Doc. 45, p. 14.) In support thereof, Plaintiff relied on only a Connecticut Superior Court decision denying a motion to strike where the court determined that the plaintiff sufficiently pled violation of public policy, without alleging violation of an express statutory provision. *Id.* However, in so arguing, Plaintiff both mischaracterizes the holding in *Schulz v. Auto World, Inc.*, 2016 Conn. Super. LEXIS 2696 (Conn. Super.) (Oct. 25, 2016, *Elgo, J.*), and misunderstands Defendant's argument.

Defendant is not arguing that, to prevail, a plaintiff must allege violation of an express statutory provision. Rather, a plaintiff must allege "that his discharge violated any explicit statutory or constitutional provision . . . or. . . contravened any judicially conceived notion of public

5

policy." *Morrissey-Manter v. St. Francis Hosp. & Med. Ctr.*, 166 Conn. App. 510, 531 (2016). However, Connecticut case law is clear that a plaintiff cannot rely on the public policy of statute where they cannot satisfy the elements of that statute. *Burnham v. Karl & Gelb, P.C.*, 252 Conn. 153, 161 n. 4 (2000); *Morrissey-Manter*, 166 Conn. App. At 535; *Sturm v. Rocky Hill Bd. of Educ.*, 2005 U.S. Dist. LEXIS 4954 (D.Conn.) (Mar. 29, 2005, *Dorsey, J.*) (internal quotation marks omitted); *Conge v. Sikorsky Aircraft Corp.*, 2007 U.S. Dist. LEXIS 90877, *32 (D.Conn.) (Dec. 11, 2007, *Dorsey, J.*).

*Schulz* does not require a different result. In *Schulz*, the plaintiff alleged that he was terminated in violation of the public policy set forth in C.G.S. § 31-49. That statute provides that it "shall be the duty of the master to exercise reasonable care to provide for his servant a reasonably safe place in which to work…." Thus, the question for the court in *Schulz* was whether the plaintiff's factual allegations, that he was terminated in retaliation for reporting that guns were being shipped to his place of employment, violated the public policy set forth in § 31-49. *Schulz* does not stand for the proposition that a plaintiff can rely on the public policy set forth by a statute for which they cannot prove the elements. Moreover, that one Superior Court decision does not override the overwhelming appellate and District Court authority cited by Defendant.

Plaintiff attempts to base her claims on the public policy set forth in C.G.S. § 31-51i and EEOC guidance interpreting Title VII of the Civil Rights Act of 1964. Plaintiff cannot base her claims on the public policy set forth in either statute because she cannot satisfy the elements of either statute. Therefore, Counts Three and Four should be dismissed.

6

For all of the foregoing reasons, as well as those set forth in the Memorandum in Support of Motion to Dismiss, the Second Amended Complaint should be dismissed in its entirety.

DEFENDANT,
G&E REAL ESTATE MANAGEMENT SERVICES, INC.

By: */s/ Stacey L. Pitcher*
Stacey L. Pitcher (ct27111)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
900 Chapel Street, 10th Floor
New Haven, CT 06510
Tel: 860-256-0744
stacey.pitcher@obermayer.com

## CERTIFICATION

I hereby certify that, on May 26, 2020, a copy a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court(s) electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Stacey L. Pitcher*
Stacey L. Pitcher
